IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASCENT EMERGENCY MEDICAL CENTER LLC, et al., | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:23-CV-2523-D |
| VS. | § § | |
| ZELIS CLAIMS INTEGRITY, LLC., | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action removed by defendant Zelis Claims Integrity, LLC ("Zelis") based on diversity of citizenship, the court orders that Zelis properly plead the citizenship of plaintiffs Ascent Emergency Medical Center LLC ("Ascent") and Drew Emergency Physicians Group PLLC ("Drew") so that the court can assure itself that it has subject matter jurisdiction before deciding two pending motions.

I

The two pending motions in this case are defendant F&A Management LLC's ("F&A's") motion to dismiss or remand and Zelis' motion to strike or dismiss plaintiffs' first amended complaint. But before the court can decide these motions, it must assure itself that it has subject matter jurisdiction over this case. *See, e.g.*, *Baxter v. Hastings*, 2022 WL 2306825, at *3 (N.D. Tex. June 27, 2022) (Fitzwater, J.) ("[T]he [district] court has an independent duty to assure itself of its own subject matter jurisdiction." (citing *In re Bass*,

171 F.3d 1016, 1021 (5th Cir. 1999))).

Zelis, as the removing party,[1] "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). "The federal removal statute, 28 U.S.C. § 1441 (1997), is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

---

[1] No attempt to join F&A as a defendant had been made at the time the case was removed.

II

In its notice of removal, Zelis alleges that it is a citizen of Delaware and Massachusetts, that plaintiffs are citizens of Texas, and that "none of the members of [Ascent and Drew] are citizens of Delaware or Massachusetts."  Notice of Removal (ECF No. 1) at ¶ 8.  On November 30, 2023 the court ordered Zelis to file an amended notice of removal that properly alleged the citizenship of Ascent, a limited liability company, and of Drew, a professional limited liability company.

Zelis filed its amended notice of removal on December 14, 2023.  Although Zelis recognized in its amended notice of removal that it must plead the citizenship of each member of Ascent and Drew, *see* Am. Notice of Removal (ECF No. 16) at ¶ 7, it failed to properly do so.  Instead, Zelis alleged "[o]n information and belief, and based on a reasonable investigation, [that] all members of [Ascent] are citizens of Texas." *Id.* at ¶ 9.  And it similarly alleged "[o]n information and belief, and based on a reasonable investigation, [that] all members of [Drew] are citizens of Texas."  *Id.* at ¶ 10.

These allegations of citizenship are insufficient.  *See, e.g.*, *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 2024 WL 758558, at *3 (N.D. Tex. Feb. 23, 2024) (Horan, J.) (""[A]n allegation that 'all members' are citizens of a particular State is insufficient and fails to 'distinctly and affirmatively' allege the citizenship of an LLC." (citation omitted)).  "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of *every member of every LLC*." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (emphasis added) (citing cases).  Accordingly, to properly

plead the citizenship of Ascent (an LLC) and Drew (a PLLC), Zelis must identify and properly allege the citizenship of *every member* of these unincorporated associations. *See, e.g.*, *Maynard v. PayPal, Inc.,* 2019 WL 3552432, at *2 n.2 (N.D. Tex. Aug. 5, 2019) (Fitzwater, J.) ("Because DSN is alleged to be an LLC, plaintiffs must identify and properly allege the citizenship of all members of DSN." (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam))).

In a footnote in its amended notice of removal, Zelis states that plaintiffs "have failed to file a disclosure in compliance with Fed. R. Civ. P. 7.1(a)(2)," Am. Notice of Removal (ECF No. 16) at 3 n.1. Zelis opposes F&A's motion to dismiss or remand on the ground, *inter alia*, that F&A "has not named the members or citizenships of Plaintiffs that it contends destroy diversity," D. Br. (ECF No. 22) at 4, asserting that "neither Plaintiffs nor F&A have properly disclosed their citizenship under Fed. R. Civ. P. 7.1(a)(2), so the Court (and Zelis) is left to wonder," *id*. at 5. But the disclosure statement required by Rule 7.1 is not a pleading, *see* Rule 7(a), and plaintiffs' failure to comply with Rule 7.1(a)(2) does not relieve Zelis of its obligation as the party seeking to invoke this court's removal jurisdiction to properly plead the citizenship of Ascent and Drew in its notice (or amended notice) of removal.[2]

---

[2]This court has permitted limited jurisdictional discovery to determine whether it has subject matter jurisdiction. *See, e.g.*, *Unified 2020 Realty Partners, L.P. v. Proxim Wireless Corp.*, 2011 WL 2650199, at *2 (N.D. Tex. July 6, 2011). Without suggesting that Zelis would be entitled to jurisdictional discovery, the court notes that there are ways for the removing party to determine another party's citizenship, for the purposes of pleading jurisdiction, other than through the disclosures required by Rule 7.1(a)(2), which serve a

III

Accordingly, the court orders that, within 21 days of the date this memorandum opinion and order is filed, Zelis file a second amended notice of removal that identifies each of the members of Ascent and Drew and properly pleads the citizenship of each member. Assuming that Zelis establishes that there was complete diversity of citizenship at the time of removal (and hence subject matter jurisdiction under 28 U.S.C. § 1332), the court will then decide, based on the briefing already on file, whether to permit plaintiffs under 28 U.S.C. § 1447(e) and *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), to amend their complaint to join F&A as a defendant to this lawsuit.

**SO ORDERED**.

April 1, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

different function (enabling the court to evaluate whether recusal is warranted).