IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASCENT EMERGENCY MEDICAL CENTER LLC, et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:23-CV-2523-D |
| VS. | § § § | |
| ZELIS CLAIMS INTEGRITY, LLC, et al. | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, the court must decide, under the *Hensgens*[1] factors, whether plaintiffs Ascent Emergency Medical Center, LLC ("Ascent") and Drew Emergency Physicians Group PLLC ("Drew") (collectively, "plaintiffs," unless otherwise indicated) should be allowed to amend their state-court petition to add F&A Management LLC ("F&A") as a defendant, whose joinder will require remanding the case. For the reasons that follow, the court permits plaintiffs to file their first amended complaint ("FAC") and remands this case to state court.

I

A

Ascent is a 24-hour emergency room located in Houston Texas. Drew is a physicians group that contracts with Ascent to provide physician services.

---

[1]*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

On May 1, 2020 Ascent entered into a Medical Billing Agreement ("F&A Agreement") with F&A. Under the terms of the F&A Agreement, F&A was authorized to use medical billing subcontractors in the performance of its duties, provided that Ascent approved each medical billing subcontractor in advance and in writing. On September 10, 2020 F&A, on behalf of Drew, entered into a repricing agreement ("Zelis Agreement") with defendant Zelis Claims Integrity, LLC ("Zelis"). Under the Zelis Agreement, Zelis agreed process and pursue reimbursement of no more than 27% on all claims billed on behalf of Drew.

After they identified discrepancies in F&A's billing practices in December 2021, plaintiffs released Zelis from service and effectively terminated the Zelis Agreement. Further investigation revealed that F&A had failed to bill, collect, manage, and account for thousands of insurance claims for medical services provided by Ascent and Drew, and for the claims for which F&A *did* collect and bill, Zelis had failed to process Drew's claims at the contracted 27% rate, which was already significantly lower than standard industry rates. Plaintiffs allege that of the $1,148,727.91 that Drew billed in services, Zelis only collected $251,691.33 for reimbursement (22%).

B

On January 14, 2022 F&A sued Ascent in state court ("State Litigation"), alleging a claim for breach of the F&A Agreement. Ascent joined Drew as a party, and together they asserted counterclaims/claims against F&A for breach of contract, fraud/fraudulent misrepresentation, unjust enrichment, promissory estoppel, conversion, money had and

received, and violation of the Texas Theft Liability Act.

On September 28, 2023, while the State Litigation was still pending, Ascent and Drew filed the instant lawsuit in state court against Zelis, alleging claims under Texas law for tortious interference with existing contract and for conspiracy.[2] Zelis answered in state court, and on November 13, 2023 removed the case on the basis of diversity of citizenship.[3] The following week, Zelis filed a motion to dismiss under Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party (i.e., F&A) and under Rule 12(b)(6) for failure to state a claim.

In response to Zelis's motion, F&A and Ascent filed in the State Litigation a joint notice of nonsuit[4] without prejudice.[5] On December 11, 2023 Ascent and Drew filed a FAC

---

[2]In the state court petition, plaintiffs included a notice of related case, alerting the court to the State Litigation, allegedly "with the intention that the state court would consolidate the two cases." Ps. Br. (ECF No. 26) at 4.

[3]In the notice of removal, Zelis alleged that it is a citizen of Delaware and Massachusetts, that plaintiffs are citizens of Texas, and that "none of the members of [Ascent and Drew] are citizens of Delaware or Massachusetts." Notice of Removal (ECF No. 1) at ¶ 8. On November 30, 2023 the court ordered Zelis to file an amended notice of removal that properly alleged the citizenship of Ascent, a limited liability company, and of Drew, a professional limited liability company. Zelis filed its amended notice of removal on December 14, 2023, but this paper still failed to properly plead the citizenship of Ascent and Drew. On April 1, 2024 the court issued an order explaining that it could not decide the currently pending motions until the citizenship of Ascent and Drew was properly pleaded. On April 22, 2024 Zelis filed its second amended notice of removal. In that paper, Zelis properly alleges that Ascent and Drew are citizens of Texas.

[4]A "nonsuit" is a procedural device recognized by Texas law that is roughly equivalent to a voluntary dismissal under Rule 41(a). *See Edgar v. Gen. Elec. Co.*, 2002 WL 34722191, at *1 (N.D. Tex. Mar. 5, 2002) (Fitzwater, J.).

[5]Although the parties in the State Litigation sought dismissal *without* prejudice, the state court, due to a typographical error in the proposed order, entered a dismissal *with* prejudice. On March 20, 2024 the state court issued a corrected order of dismissal without

- 3 -

in the instant lawsuit, adding F&A as a defendant and alleging claims against F&A for breach of contract, fraud/fraudulent misrepresentation, unjust enrichment, promissory estoppel, and conspiracy. Ascent and Drew contend that "[b]y dismissing the State Litigation without prejudice and filing the FAC to join F&A, Plaintiffs intended to efficiently consolidate the two cases and address the issues raised in Zelis's Initial Motion to Dismiss." Ps. Br. (ECF No. 26) at 5. Because Zelis' motion to dismiss was addressed to plaintiffs' now-superseded state-court petition, and because plaintiffs had added F&A as a defendant, the court on December 14, 2023 denied without prejudice as moot Zelis's motion to dismiss.

C

F&A now moves to dismiss or remand under Rule 12(b)(1) based on a lack of diversity jurisdiction. Zelis opposes F&A's motion and separately moves to strike or dismiss the FAC. Ascent and Drew oppose Zelis' motion and move for leave to file their FAC. The court is deciding the pending motions on the briefs, without oral argument.

II

Although they do not concede a violation of Rule 15(a)(1),[6] plaintiffs in their response brief seek leave under Rule 15(a)(2) and 28 U.S.C. § 1447(e) to file the FAC.

---

prejudice.

[6]Rule 15(a)(1) permits a party to amend its pleading once as a matter of course no later than 21 days after serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." It is undisputed that Zelis filed its responsive pleading on November 6, 2023 and that plaintiffs filed the FAC more than 21 days after this date.

Generally, under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."[7] "When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity," however, "28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court." *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (footnotes omitted) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "[T]he diverse defendant has an interest in retaining the federal forum." *Hensgens*, 833 F.2d at 1182. "The court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation." *Skinner Cap. LLC v. Arbor E&T, LLC*, 2024 WL 1219235, at *2 (N.D. Tex. Mar. 21, 2024) (Fitzwater, J.) (citing *Cannon v. Hartford Ins. Co. of the Midwest*, 1997 WL 760500, at *1 (N.D. Tex. Nov. 19, 1997) (Fitzwater, J.)). In determining whether to allow a non-diverse

---

[7]Plaintiffs allege that F&A is a citizen of Texas. In response to F&A's motion to remand, Zelis argues, *inter alia*, that F&A has not demonstrated that it and plaintiffs are not diverse through the filing of a Rule 7.1(a)(2) diversity disclosure; that F&A has failed to disclose the name and citizenship of its members; and that "F&A has provided no clear evidence, such as a sworn Rule 7.1(a)(2) diversity disclosure statement, to support the unsworn allegations in the Amended Complaint and the Motion [to dismiss or remand]." D. Br. (ECF No. 22) at 6. The court disagrees with these arguments.

"[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994)). Accordingly, Zelis, as the party asserting federal jurisdiction, bears the burden to demonstrate complete diversity; it is not F&A's burden to prove that federal jurisdiction does *not* exist. In its motion to remand, F&A alleges that because its sole member is an individual who is a citizen of Texas, it is a citizen of Texas for diversity purposes. Zelis has neither argued nor come forward with any evidence to refute this allegation.

party to be joined after removal, the court considers four factors: (1) whether plaintiff's purpose is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

### III

### A

The court first considers plaintiffs' purpose in seeking to add F&A as a defendant. Courts addressing this factor assess, *inter alia*, "the viability of the claims alleged against a new defendant, the timing of a plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal." *Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015) (Lynn, J.) (citation omitted).

Plaintiffs contend that the purpose of the FAC is to consolidate the State Litigation with the instant lawsuit to avoid duplicative litigation. They maintain that "[i]t is undisputed that F&A is a necessary and indispensable party in this case, which is why Plaintiffs and F&A worked together to jointly dismiss the State Litigation without prejudice such that the State Litigation claims could be refiled in this case." Ps. Br. (ECF No. 26) at 10 (footnotes omitted).

Zelis maintains in reply that the purpose of the FAC is to defeat jurisdiction; that the state-court petition extensively mentions and describes F&A's alleged role in the same damages that were asserted against Zelis, yet F&A was not named as a defendant; that

plaintiffs never sought to join Zelis to its countersuit agianst F&A in the State Litigation and never sought to combine the actions at all until they wanted to use F&A to destroy diversity jurisdiction; and that "[t]here is no question that, even if Plaintiffs' claims are valid, the purpose of the FAC was to defeat federal jurisdiction." D. Reply (ECF No. 30) at 3.

The court finds that the first factor weighs in favor of granting plaintiffs' motion to file the FAC. Although typically "[s]uspicion exists 'if the plaintiff knew of the non[-]diverse defendant from the outset and chose to exclude him from the original pleading," *Skinner Capital LLC*, 2024 WL 1219235, at *3 (second alteration in original) (citation omitted), the facts in this case are somewhat unique due to the existence of the State Litigation. Zelis is correct that plaintiffs knew about F&A when they filed their state-court petition yet failed to name it as a defendant. But plaintiffs have provided a reasonable explanation for their failure: they had already asserted their claims against F&A in the State Litigation, and to re-assert them in the instant lawsuit would have been duplicative. As plaintiffs explain in their response brief, their original intent was that the state court would consolidate the State Litigation and the instant lawsuit so that all of the claims among the parties could be tried together. *See* Ps. Br. (ECF No. 26) at 4 ("Plaintiffs filed th[eir] Notice of Related Case with the intention that the state court would consolidate the two cases."). It was only after Zelis removed the instant lawsuit and then moved to dismiss, *inter alia*, for failure to join an indispensable party (i.e., F&A) that plaintiffs filed the FAC in an attempt to consolidate all of their claims into a single lawsuit.

B

The court next considers whether plaintiffs have been dilatory in seeking amendment. This factor requires a case-by-case inquiry. "There is no set timetable for when the timing of a proposed amendment reflects dilatoriness." *Appliance All.*, 2015 WL 9319179, at *6 (comparing cases). If significant activity beyond the pleading stage has not yet occurred, courts often find that amendment is timely, unless the plaintiff "had ample information about [proposed defendant's] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court." *Estate of Alex ex rel. Coker v. T-Mobile US, Inc.*, 2018 WL 993784, at *2 (N.D. Tex. Feb. 21, 2018) (Lynn, C.J.) (alterations in original) (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)). And if the only "credible reason for waiting until after removal" to seek amendment is to defeat diversity jurisdiction, courts are likely to find that plaintiffs have been dilatory. *Varela v. Home Depot U.S.A., Inc.*, 2019 WL 1041335, at *4 (N.D. Tex. Mar. 4, 2019) (McBryde, J.) (citation omitted).

The court finds that plaintiffs have not been dilatory in seeking leave to amend. Plaintiffs filed the instant lawsuit on September 28, 2023. Zelis answered on November 6, 2023 and removed the case on November 13, 2023, "before the state court could consolidate this case with the State Litigation." Ps. Br. (ECF No. 26) at 4. One week later, on November 20, 2023, Zelis filed its motion to dismiss, contending that plaintiffs had failed to join F&A as a necessary and indispensable party. The following day, F&A and plaintiffs agreed to nonsuit the State Litigation "*without prejudice* to the refiling of the parties' respective claims

such that the claims asserted in the State Litigation could be consolidated with the present case." *Id.* at 5 (bold font omitted).  And on December 11, 2023, the day their response to Zelis's motion to dismiss was due, plaintiffs filed the FAC to join F&A as a defendant and to re-allege the claims/counterclaims that were originally brought in state court.  Given the unique circumstances in this case, as described above, *see supra* § III (A), the court concludes that the delay of less than one month between Zelis' removal and plaintiffs' filing the FAC was not dilatory.

C

Concerning the third factor, plaintiffs maintains that they will be significantly harmed if the court determines that F&A is not a proper party to this action, because they "never would have agreed to dismiss the State Litigation, which had been pending for almost two years, if the claims asserted in the State Litigation could not be consolidated with the claims asserted against Zelis."  Ps. Br. (ECF No. 26) at 10.  Zelis counters that any prejudice to plaintiffs is "self-inflicted"; that plaintiffs litigated against F&A in the State Litigation for nearly two years "before hastily dismissing in a futile attempt to sabotage this court's jurisdiction"; and that if plaintiffs are successful in reversing the dismissal of the State Litigation, there is nothing preventing them from continuing that suit.  D. Reply (ECF No. 30) at 5.

The court finds that the third factor weighs in favor of permitting the amendment.  As a general matter, "[t]he mere potential for parallel litigation . . . is not grounds for granting the amendment; the party must show that it will be *significantly* injured if the court denies

- 9 -

joinder." *Skinner Cap. LLC*, 2024 WL 1219235, at *4 (ellipsis in original) (citing *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *6 (N.D. Tex. Aug. 4, 2015) (Lynn, J.)). In this case, however, not only would plaintiffs face the potential for parallel litigation if the court denies their motion for leave to amend (assuming *arguendo* that they would be able to successfully reinstate the State Litigation and simply continue with their counterclaims against F&A in that lawsuit, as Zelis suggests); they will also face the possibility that their claims against Zelis in the instant lawsuit will be dismissed in their entirety based on their failure to join F&A as a party.[8] The potential loss of their claims against Zelis certainly constitutes significant harm weighing in favor of permitting the amendment.

D

The court analyzes under the fourth factor whether any other considerations bear on the equities. This factor allows courts to "address any unique circumstances presented by the parties in weigh[ing] the plaintiff's overarching interest in avoiding parallel litigation, with the defendant's desire to pursue the case in federal court." *Skinner Cap. LLC*, 2024 WL 1219235, at *4 (alteration in original) (internal quotation marks omitted) (quoting *Andrews Restoration*, 2015 WL 4629681, at *7). In its reply, Zelis argues that the fourth factor weighs "heavily" in its favor, arguing that

---

[8]In fact, this is precisely the relief that Zelis sought when it filed its November 20, 2023 motion to dismiss under Rule 12(b)(7). *See* D. Mot. to Dismiss (ECF No. 6) at 5 ("F&A is a necessary and indispensable party to this action and Plaintiffs' failure and inability to join F&A is fatal under Federal Rule of Civil Procedure 12(b)(7).").

> no party disputes that Zelis properly invoked federal jurisdiction, or that Plaintiffs agreed with F&A to dismiss the long-running State Litigation, resulting in an attempt to destroy federal jurisdiction in this case. The court should protect Zelis's properly asserted choice of forum and should not countenance Plaintiffs' gamesmanship.

D. Reply (ECF No. 30) at 5-6. But Zelis neglects to mention what is likely its real motive for wanting the case to remain in federal court, i.e., that plaintiffs' complaint against it may be subject to dismissal under Rule 12(b)(7) for failure to join a necessary and indispensable party. If the court permits plaintiffs to file the FAC, this case will proceed to trial on the merits on all of the claims alleged. The court therefore concludes that the fourth factor weighs in favor of permitting the amendment.

IV

Under the circumstances of this case, the balance of the equities favors granting plaintiffs' motion for leave to amend their complaint. Accordingly, the court denies Zelis' motion for leave to strike or dismiss the FAC and grants plaintiffs' motion for leave to file the FAC. Under 28 U.S.C. § 1447(e), this action is remanded to state court.[9]

\* \* \*

Accordingly, for the reasons explained, the court denies Zelis' motion to strike or dismiss plaintiffs' FAC and grants plaintiffs' motion for leave to file the FAC. Pursuant to 28 U.S.C. § 1447(e), the court remands this case to the 68th Judicial District Court of Dallas

---

[9]Because the court is remanding this case under the authority granted in 28 U.S.C. § 1447(e), it need not address F&A's motion to remand, which requests the same relief.

County, Texas.  The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

May 8, 2024.

                                             _____
                                             SIDNEY A. FITZWATER
                                             SENIOR JUDGE